# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JOHNELYN WILSON BISHOP                                             PLAINTIFF

v.                                          No. 4:18-CV-6-JLH-BD

SOCIAL SECURITY ADMINISTRATION                          DEFENDANT

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Either party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Joseph Michael Bishop was awarded social security disability benefits in a decision dated March 29, 2013. (R. at 23–28). Mr. Bishop had died, however, the week before the decision, on March 24, 2013. (R. at 37). Mr. Bishop had married Johnelyn Wilson on March 12, 2013, less than three weeks before the decision was issued. (R. at 35).

On December 19, 2013, Johnelyn Wilson Bishop filed an application for a lump-sum death payment of the sums awarded to, but not received by, Mr. Bishop before his death. (R. at 31–34). Her claim was denied. (R. at 44–46). Ms. Bishop requested a hearing before an administrative law judge ("ALJ"). (R. at 56). The ALJ denied the application. (R. at 16). The Appeals Council denied review. (R. at 2). Ms. Bishop filed this appeal, requesting judicial review. As explained more fully below, the Commission's decision should be summarily affirmed because Ms. Bishop's claim finds no support in the governing statutes and regulations.

## I.     The Commissioner's Decision

The ALJ found that Ms. Bishop was not entitled to the underpayment under 20 C.F.R. § 404.503(b)(1) because she did not meet the statutory definition of "surviving spouse." (R. at 13). The ALJ also found that she was not entitled to the underpayment under 20 C.F.R. § 404.503(b)(4) for the same reason. (R. at 14). Further, the ALJ found that Mr. Bishop's estate was not entitled to the underpayment because he had a surviving child who took priority over the estate. (R. at 14). The ALJ concluded, therefore, that Ms. Bishop was not entitled to Mr. Bishop's underpayment.

## II.    Discussion

The Court reviews the record to determine whether substantial evidence on the record as a whole supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means, "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted).

Ms. Bishop argues that her eligibility is governed by 42 U.S.C. § 404(d)(1)(i), and that the ALJ erroneously relied upon 42 U.S.C. § 416. She argues that § 416's definitions would govern if she were seeking benefits to which she was entitled under Mr. Bishop's earnings, but that § 404(d)(1)(i) should apply here because she is seeking benefits due to her deceased husband—benefits that she was not entitled to. Ms. Bishop's argument is fundamentally flawed.

The definitions in 42 U.S.C. § 416 apply to the entire subchapter. Ms. Bishop argues that § 416 is categorized under "Federal Old-Age, Survivors, and Disability Insurance Benefits" and that she was not seeking benefits under old age, survivors, or disability insurance. This interpretation finds no support in the governing statute, regulations, or case law. Both § 404 and § 416 are found in the same subchapter. Therefore, any term used in § 404 that is defined in § 416 must be read with that definition in mind.

The provision upon which Ms. Bishop relies reads as follows:

> d) Payment to survivors or heirs when eligible person is deceased
>
> If an individual dies before any payment due him under this subchapter is completed, payment of the amount due (including the amount of any unnegotiated checks) shall be made—
>
> (1) to the person, if any, who is determined by the Commissioner of Social Security to be the surviving spouse of the deceased individual and who either (i) was living in the same household with the deceased at the time of his death or (ii) was, for the month in which the deceased individual died, entitled to a monthly benefit on the basis of the same wages and self-employment income as was the deceased individual;

(2) if there is no person who meets the requirements of paragraph (1), or if the person who meets such requirements dies before the payment due him under this subchapter is completed, to the child or children, if any, of the deceased individual who were, for the month in which the deceased individual died, entitled to monthly benefits on the basis of the same wages and self-employment income as was the deceased individual (and, in case there is more than one such child, in equal parts to each such child);

(3) if there is no person who meets the requirements of paragraph (1) or (2), or if each person who meets such requirements dies before the payment due him under this subchapter is completed, to the parent or parents, if any, of the deceased individual who were, for the month in which the deceased individual died, entitled to monthly benefits on the basis of the same wages and self-employment income as was the deceased individual (and, in case there is more than one such parent, in equal parts to each such parent);

(4) if there is no person who meets the requirements of paragraph (1), (2), or (3), or if each person who meets such requirements dies before the payment due him under this subchapter is completed, to the person, if any, determined by the Commissioner of Social Security to be the surviving spouse of the deceased individual;

(5) if there is no person who meets the requirements of paragraph (1), (2), (3), or (4), or if each person who meets such requirements dies before the payment due him under this subchapter is completed, to the person or persons, if any, determined by the Commissioner of Social Security to be the child or children of the deceased individual (and, in case there is more than one such child, in equal parts to each such child);

(6) if there is no person who meets the requirements of paragraph (1), (2), (3), (4), or (5), or if each person who meets such requirements dies before the payment due him under this subchapter is completed, to the parent or parents, if any, of the deceased individual (and, in case there is more than one such parent, in equal parts to each such parent); or

(7) if there is no person who meets the requirements of paragraph (1), (2), (3), (4), (5), or (6), or if each person who meets such requirements dies before the payment due him under this subchapter is completed, to the legal representative of the estate of the deceased individual, if any.

42 U.S.C. § 404(d). This statute is, for all practical purposes, identical to the governing

Social Security Regulation, which reads as follows:

(b) Individual dies before adjustment of underpayment. If an individual who has been underpaid dies before receiving payment or negotiating a check or checks representing such payment, we first apply any amounts due the deceased individual against any overpayments as defined in § 404.501(a) owed by the deceased individual, unless we have waived recovery of such overpayment under the provisions of §§ 404.506 through 404.512. We then will distribute any remaining underpayment to the living person (or persons) in the highest order of priority as follows:

(1) The deceased individual's surviving spouse as defined in section 216(c), (g), or (h) of the Act who was either:

(i) Living in the same household (as defined in § 404.347) with the deceased individual at the time of such individual's death, or

(ii) Entitled to a monthly benefit on the basis of the same earnings record as was the deceased individual for the month in which such individual died.

(2) The child or children of the deceased individual (as defined in section 216(e) or (h) of the Act) entitled to a monthly benefit on the basis of the same earnings record as was the deceased individual for the month in which such individual died (if more than one such child, in equal shares to each such child).

(3) The parent or parents of the deceased individual, entitled to a monthly benefit on the basis of the same earnings record as was the deceased individual for the month in which such individual died (if more than one such parent, in equal shares

to each such parent). For this purpose, the definition of "parent" in § 404.374 includes the parent(s) of any deceased individual who was entitled to benefits under title II of the Act.

(4) The surviving spouse of the deceased individual (as defined in section 216(c), (g), or (h) of the Act) who does not qualify under paragraph (b)(1) of this section.

(5) The child or children of the deceased individual (as defined in section 216(e) or (h) of the Act) who do not qualify under paragraph (b)(2) of this section (if more than one such child, in equal shares to each such child).

(6) The parent or parents of the deceased individual, who do not qualify under paragraph (b)(3) of this section (if more than one such parent, in equal shares to each such parent). For this purpose, the definition of "parent" in § 404.374 includes the parent(s) of any deceased individual who was entitled to benefits under title II of the Act.

(7) The legal representative of the estate of the deceased individual as defined in paragraph (d) of this section.

20 C.F.R. § 404.503. The Commissioner cites to the regulation, while Ms. Bishop cites to the statute. The result is the same under either. Because § 404 is in the same subsection as § 416, the § 416 definitions govern. Title 20 C.F.R. § 404.503 specifically incorporates those definitions by reference.

Ms. Bishop argues that § 404(d)(1)(i) does not require a marriage to have lasted at least nine months for the "surviving spouse" to be eligible. Thus, it is the definition of "surviving spouse" that is at issue here. Ms. Bishop notes that 42 U.S.C. § 416 defines terms under 42 U.S.C. § 402 *et seq*. This citation includes 42 U.S.C. § 404. Therefore, this is the definition of "surviving spouse" in § 416 that matters.

"Surviving spouse" is defined as a widow or widower as defined in subsection (c) or (d). 42 U.S.C. § 416(a)(2). A widow is defined as follows:

> The term "widow" (except when used in the first sentence of section 402(i) of this title) means the surviving wife of an individual, but only if (A) she is the mother of his son or daughter, (B) she legally adopted his son or daughter while she was married to him and while such son or daughter was under the age of eighteen, (C) he legally adopted her son or daughter while she was married to him and while such son or daughter was under the age of eighteen, (D) she was married to him at the time both of them legally adopted a child under the age of eighteen, (E) except as provided in paragraph (2), she was married to him for a period of not less than nine months immediately prior to the day on which he died, or (F) in the month prior to the month of her marriage to him (i) she was entitled to, or on application therefor and attainment of age 62 in such prior month would have been entitled to, benefits under subsection (b), (e), or (h) of section 402 of this title, (ii) she had attained age eighteen and was entitled to, or on application therefor would have been entitled to, benefits under subsection (d) of such section (subject, however, to section 402(s) of this title), or (iii) she was entitled to, or upon application therefor and attainment of the required age (if any) would have been entitled to, a widow's, child's (after attainment of age 18), or parent's insurance annuity under section 231a of Title 45.

42 U.S.C.A. § 416(c)(1). Ms. Bishop and Mr. Bishop had no children together; neither of them adopted a child of the other; nor did they adopt a child together. Ms. Bishop was not entitled to any benefits that would satisfy § 416(c)(1)(F). Therefore, she could only be Mr. Bishop's widow for purposes of this section if she was married to him for at least nine months before his death. Ms. Bishop was only married to Mr. Bishop for twelve days when he died. She does not meet the definition of "widow," which means she cannot meet the definition of "surviving spouse."

Ms. Bishop also argues that the legislative intent behind § 404(d) was to create a broad class of persons who could claim underpayment benefits. The hierarchy of persons eligible to receive underpayment can be illustrated as a pyramid. It begins with the narrowest definitions and proceeds to broader definitions. The legislative intent was apparently to minimize those eligible to lay claim to underpayments and to provide clear priorities for who should receive underpayments.

Likewise, "surviving spouse" is narrowly defined so as to prevent payment in the case of fraudulent or coerced marriages. While it has no bearing on the Court's interpretation of the governing statutes and regulations, it is notable that such accusations have been leveled against Ms. Bishop by Mr. Bishop's daughter. (R. at 41).

Ms. Bishop also argues that she was qualified to receive benefits under 20 C.F.R. § 404.503(b)(4), which allows a surviving spouse who otherwise does not qualify under § 404.503(b)(1) to receive the underpayment. She argues that this subsection eliminates the durational requirement because the provision would be pointless otherwise. This is not so. The same "surviving spouse" definition applies to § 404.503(b)(4). The point of this additional subsection is to direct underpayment to a spouse who did not live in the same household at the time of the deceased individual's death (such as a couple who have separated but are still legally married) and was not entitled to a monthly benefit at the time of the deceased's death. Because the same "surviving spouse" wording is used, the nine-month requirement remains.

Ms. Bishop's arguments have no legal merit. The definitions in 42 U.S.C. § 416 apply to both 42 U.S.C. § 404 and to 20 C.F.R. § 404.503. As Ms. Bishop observes, there

is no case law on this issue, and none is necessary. The statutes and regulations speak to the issue unambiguously.

## III.   Conclusion

The ALJ's decision is supported by substantial evidence on the record as a whole and is not based on legal error. For these reasons, the decision to deny benefits should be AFFIRMED.

DATED this 10th day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE